UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No.

THE ESTATE OF TORE MYHRA,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., A
LIBERIAN CORPORATION, a foreign corporation
d/b/a ROYAL CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, the Estate of Tore Myhra, through counsel, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION, a foreign corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000, exclusive of costs, interest and attorneys' fees as specified by 28 U.S.C. § 1332, and is otherwise within the jurisdiction of this Court.

2. Pursuant to the terms and conditions of the Passage Ticket Contract, this Court is the designated venue for the maintenance of the present action and Defendant has consented to the venue and jurisdiction of this Court.

3. Tore Myhra ("Mr. Myhra"), at all times material, was a citizen and resident of England. He is now deceased.

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the parties are completely diverse, pursuant to 28 U.S.C. § 1333(1) Saving to Suitors, and in the alternative, pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure and under the General Maritime Law of the United States.

5. Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION ("RCC") is a foreign corporation that transacts business under the registered fictitious name of ROYAL CARIBBEAN INTERNATIONAL in Miami-Dade County, Florida with its principal place of business of Miami-Dade County, Florida.

6. At all times material, RCC was and is doing substantial business in Miami-Dade County, Florida, with its common ownership, management and/or operation of various passenger cruise ships out of the Port of Miami, Florida.

7. All conditions precedent to the bringing of this action have occurred, have been performed or have been waived including, without limitation, notifying the crew and shipboard medical personnel of the incident when it occurred and notifying RCC of the particulars of the claim pursuant to Exhibit A.

**GENERAL ALLEGATIONS**

8. On or about October 24, 2009, Mr. Myhra was a fare paying passenger and invitee aboard the "Liberty of the Seas" vessel. On that date, Mr. Myhra boarded the ship for a cruise that would return to the Port of Miami on November 1, 2009.

9. On October 28, 2009, Mr. Myhra began to feel ill with symptoms caused by what was later diagnosed as Legionnaire's Disease.

10. On information and belief another "Liberty of the Seas" passenger on a voyage that departed on September 12, 2009 also died after she contracted Legionnaire's Disease aboard the vessel. That passenger's name is Jean Young.

11. According to an investigation conducted by the Center For Disease Control (the "CDC'), both passengers (Ms. Young and Mr. Myhra) contracted the exact same strain of Legionella (*Legionella pneumophilia* serogroup 1 with monoclonal anti-body pattern 1,2,5, very weakly 7, ST 42) and the CDC concluded that the only common source was the RCCL ship, "Liberty of the Seas."

12. Although the CDC did not find any Legionella on the cruise ship, the ship "had undergone extensive remediation efforts" prior to the CDC's inspection.

13. Moreover, according to the CDC the deck washing apparatus was not chlorinated during the onset of sickness for both Mrs. Young and Mr. Myhra. As stated in the CDC's report, the commercial lab employed by the Defendant did not test the deck hoses, "which are exposed to the sun and have potential to have more optimal conditions for *Legionella* growth." By the time the CDC arrived to conduct its inspection chlorinated systems had been installed.

14. There is ample circumstantial evidence to conclude that both Mrs. Young and Mr. Myhra were infected with *Legionella* onboard the *Liberty of the Seas* as a result of Defendant's negligent operation and maintenance of its water system.

## COUNT I
## NEGLIGENCE

15. Mr. Myhra repeats and realleges the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. RCC had a duty of reasonable care under the circumstances to operate and maintain its passenger cruise ship, the "Liberty of the Seas," in a reasonably safe condition and to warn of and correct any dangerous or defective conditions which RCC knew or should have known existed on the vessel.

17. At all times material, RCC owed a duty of reasonable care under the circumstances to Mr. Myhra as a fare paying passenger aboard RCC's passenger cruise ship, the "Liberty of the Seas."

18. RCC breached its duty of reasonable care under the circumstances owed to Mr. Myhra in that it:

   a. Negligently failed to maintain, operate and inspect the vessel by allowing and/or creating conditions that promoted the growth and spread of Legionella;

   b. Negligently failed to maintain, operate and inspect the vessel by failing to correct and rectify the dangerous condition that existed on the vessel;

   c. Negligently failed to warn Mr. Myhra and other passengers that the conditions on the ship made it possible for the contamination of Legionnaires' Disease;

   d. Negligently failed to properly train and/or supervise its crew members and/or employees to properly maintain, repair and inspect the water systems aboard the ship

        to prevent the growth and spread of the Legionella virus;

e.    Negligently failed to institute safety inspection procedures to ensure that such above-described unsafe conditions aboard the vessel were discovered and rectified;

f.    Negligently failed to properly carry out safety inspection procedures to ensure that such above-described unsafe conditions aboard the vessel were discovered and rectified; and

g.    Knew of the existence of said dangerous and defective condition or, through the exercise of reasonable care, should have known of the existence of said dangerous and defective condition and failed to remedy the dangerous condition.

19.    As a direct and proximate result of RCC's negligence as described herein, Mr. Myhra sustained serious injuries, resulting in the loss of function, pain and suffering, disability, disfigurement, mental anguish, the expense of medical care and treatment, and he ultimately died. The losses suffered by the Estate of Mr. Myhra are permanent and continuing in nature.

WHEREFORE, the Estate of Mr. Myhra demands judgment against RCC for damages in an amount in excess of this Court's jurisdictional limits, exclusive of interest and costs and further requests a trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Mr. Myhra demands a trial by jury of all issues triable by right.

DATED this 3rd day of September, 2010.

FREIDIN • DOBRINSKY
Counsel for Plaintiff
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 371-3666
Facsimile:   (305) 371-6725


By ___/s/ Eric Bluestein
        Eric Bluestein, Esq.
        Fla. Bar No. 0058240
        EBluestein@fdlaw.net