

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-23185-CIV-GRAHAM/TORRES

THE ESTATE OF TORE MYHRA,

   Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., a
Liberian Corporation, a foreign
corporation, d/b/a ROYAL CARIBBEAN
INTERNATIONAL

   Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss [D.E. 18].

**THE COURT** has considered the Motion, the relevant portions of the record, and is otherwise fully advised in the premises.

### I.   BACKGROUND

Susan Myhra ("Mrs. Myhra"), a resident of the United Kingdom ("U.K."), booked a cruise traveling through various countries throughout the Caribbean for herself, her spouse/decedent, and her daughter in the U.K. Plaintiff alleges that her spouse, Tore Myhra, contracted Legionnaire's Disease while aboard Defendant, Royal Caribbean Cruises Ltd.'s ("RCCL") vessel "Liberty of the Seas" in October 2009 and died as a result. Defendant moves for dismissal under Rule 12(b)(3) asserting that the forum selection clause contained in the terms and conditions of travel documents

requires Plaintiff to bring suit in the United Kingdom ("U.K"). and not the United States ("U.S.").

## II.  DISCUSSION

### A.  Legal Standard

In examining a motion to dismiss, a court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor. See, generally, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(noting that on a motion to dismiss there is an assumption that all allegations in the complaint are true). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." Id. (citations omitted). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

### A.  Analysis

Federal law governs the enforceability of a forum selection clause in admiralty cases. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991). "Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a

'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Seung v. Regent Seven Seas Cruises, Inc., 2010 WL 3273535 (11th Cir. Aug. 19, 2010). "A forum selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Id.

In this action, Mrs. Myhra booked the cruise via telephone on June 23, 2009, with a booking representative of a British company. Subsequently, confirmation of the booking was mailed to the Myhras by the booking agent with cover letter which stated "Your holiday has been booked in accordance with the tour operator's terms and conditions." Although Mrs. Myhra does not dispute that she utilized the internet to obtain information about the cruise, she does not recall reviewing or being directed to review Sections 5.8 or 5.9 of the "Terms and Conditions" contained on RCCL's U.K website. Over the course of the next several months, Mrs. Myhra received five invoices from RCCL that contained the following statement:

> If you have booked in the UK, our UK terms and conditions apply to this holiday, please refer to our current brochure or our website www.royalcaribbean.co.uk for details.

(See Ex. "B" of D.E. 18-3]

On or about October 1, 2009, the Myhra family received travel documents from RCCL. Included in these documents were RCCL's terms

3

and conditions set forth in its cruise brochure for use in the U.K. Defendant asserts that all U.K. RCCL brochures for cruises in 2009 contained the same terms and conditions with the following language:

> BOOKING CONDITIONS:
>
> The following Booking Conditions together with our General Information form the basis of your contract. All bookings are subject to these booking conditions. The parties to that contract are yourself and Royal Caribbean Cruises, Ltd. Of Miami, Florida ("RCCL"). With the exception of bookings for cruises on Brilliance of the Seas where your contract will be with RCL (UK) Ltd. (a subsidiary of RCCL)...

[See D.E. 18-2]. Section 5.9 of the Bookings Conditions is titled "If you have a complaint?" and reads, in part, as follows:

> If you do not wish to use the PSA's Conciliation Service or the dispute is not resolved as a result of using the Service, you may go to Court. We both agree that any dispute, claim, or other matter arising out of or in connection with your contract or your holiday with us will only be dealt with by the Courts of England and Wales. The contact between us is governed by English law...

[See D.E. 18-2]

Defendant moves for dismissal under Rule 12(b)(3) and seeks enforcement of the forum selection clause. Specifically, RCL states that the forum selection clause stated above requires passengers to bring suit in England. Additionally, Defendant argues that under section 5.8 of the Booking Conditions, Plaintiff is also bound by the Athens Convention for the Carriage of Passengers and Their Luggage by Sea ("Athens Convention"). Defendant asserts that the Athens Convention also acts as a forum selection clause because it

4

specifically provides for venue only in a signatory country, which in this case is the U.K. and not the U.S. See <u>Trott v. Cunard Line, Ltd.</u>, 1997 A.M.C. 1873, 1874 (S.D.N.Y. 1996).

Plaintiff contends that the information on RCCL's U.K. website was confusing at best. As such, Plaintiff argues that the terms and conditions located on RCL's U.K. website did not reasonably communicate its alleged limitations in the forum selection clause to its passengers. Plaintiff further asserts that because the Cruise originated and concluded in a U.S. port, the Athens Convention does not apply.

While Mrs. Myhra argues that the RCCL website was confusing and that the terms and conditions may not have been clear at the time of booking, she does not assert that she did not subsequently receive the travel documents containing the same terms and conditions. The Court finds that Plaintiff has failed to make the "strong showing" required to prove that the forum selection clause should not be enforced in this case. Specifically, Plaintiff does not assert that she agreed to the forum through fraud or overreaching, nor that the chosen law would deprive her of a remedy. See <u>Seung</u>,2010 WL 3273535 at *1.

Plaintiff argues that there is strong public policy against forcing an individual to bring a cause of action in a forum that has nothing to do with the act of negligence because the ship left and returned to a U.S. port and never entered English waters.

5

Plaintiff also asserts that the U.S. has a strong interest in this matter because RCCL's principal place of business and home port of many of its ships is in Miami, Florida. The Court finds this argument without merit since as a U.K resident it is reasonable for Plaintiff to bring this action before the Courts of England and Plaintiff has not suggested that England is not a legally competent forum for her claim. See Seung,2010 WL 3273535 at *1.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [D.E. 18] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3ah day of November, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record